UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

\*\*\*

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ROBERT BROWN,

        Defendant.

Case No. 2:15–cr–53–LRH–VCF

**ORDER**

EMERGENCY MOTION FOR A SUBPOENA (#34)

This matter involves the United States of America's prosecution of Robert Brown. Before the court is Brown motion for a *subpoena duces tecum* (#34). For the reasons stated below, Brown's motion is granted.

Federal Rule of Civil Procedure 17(c) establishes the process by which federal courts can issue *subpoenas duces tecum* for the production of evidence before trial. It states:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or **before they are to be offered in evidence**. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

FED. R. CRIM. P. 17(c)(1) (emphasis added). Courts have discretion to direct that a *subpoena duces tecum* be made returnable before trial. The moving party bears the burden of showing good cause for the requested pretrial production.

Courts look to the factors first identified in *United States v. Iozia*, 13 F.R.D. 335 (S.D.N.Y.1952) for guidance in determining whether pretrial production is appropriate. *See Nixon*, 418 U.S. at 699. The *Iozia* standard requires a showing: (1) that the documents are evidentiary and relevant; (2) that the documents are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the defendant cannot properly prepare for trial without production in advance of trial and that failure

to obtain the documents may unreasonably delay the trial; and (4) that the application is made in good faith and not intended as a fishing expedition. *Nixon*, 418 U.S. at 699–700 (citing *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y.1952)).

**DISCUSSION**

The court's review of the record demonstrates Mr. Brown satisfied this standard and that the Government has not substantively opposed the motion.[1] The court also notes that the statutes on which the Las Vegas Metropolitan Police Department relied in resisting Mr. Brown's requests are inapplicable in federal court.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Mr. Brown's Emergency Motion for a Subpoena (#34) is GRANTED.

IT IS FURTHER ORDERED that the Las Vegas Metropolitan Police Department must produce to the Federal Public Defender's office in Las Vegas, Nevada by noon on August 31, 2015:

1. Certified copies of all communications involving any LVMPD officers and detectives requesting Wants and Warrants in Event Number 150205-4018;

2. Certified copies of all Audit Trial Transaction Lists and CAD Incident with Audit Trail Reports in Event Number 150205-4018;

3. Certified copies of all MDT communications and Administrative Messages in Event Number 150205-4018;

---

[1] The Government's opposition merely notes that "[t]he Government has no position regarding the merit of Defendant's request for the Court to issue a Rule 17(c) subpoena. The Government will note that the items Defendant seeks to obtain from the Las Vegas Metropolitan Police Department (LVMPD) are not in the Government's possession, custody, or control and are beyond the scope of the Government's Disclosure Statement and Rule 16." (Doc. #35 at 1).

4. Certified copy of the time-stamped audio dispatch recording in Event Number 150205-4018;

5. A certificate of non-existence to the extent that any of the items listed above do not exist.

IT IS FURTHER ORDERED that the Federal Public Defender's office deliver a complete set of copies of the above documentation by 4:00 pm on August 31, 2015.

IT IS SO ORDERED.

DATED this 28th day of August, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE